**VIRGINIA MASON MEDICAL CENTER, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 01–1203.

United States Court of Appeals, District of Columbia Circuit.

March 27, 2002.

Before SENTELLE, HENDERSON, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This cause was heard on the record from the National Labor Relations Board (Board) and on the briefs and arguments by counsel.

The petitioner seeks review of the Board's April 18, 2001 decision finding that the petitioner violated section 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (5), by refusing to bargain with Local 141 of the National Staff Nurses Union, United Food and Commercial Workers International Union, AFL–CIO, CLC (Union) which had been elected to represent a unit consisting of 15 registered nurses and one pharmacist at the petitioner's Winslow Clinic, a non-acute care outpatient facility on Bainbridge Island in Washington State. The petitioner challenges the composition of the bargaining unit ("[a]ll registered nurses and all other professional employees employed by the Employer at its Winslow (Bainbridge Island) facility, but excluding all physicians, all nonprofessional employees, and guards and supervisors as defined by the act") because it excludes all employees at the petitioner's other facilities, all physicians at Winslow Clinic and two employees, a computer application specialist and a dietitian, who periodically visit various of the petitioner's facilities including Winslow Clinic. "The Board is entitled to deference on its selection of an appropriate unit" and its unit determination will be upheld "unless it is arbitrary or not supported by substantial evidence in the record." *Country Ford Trucks, Inc. v. NLRB,* 229 F.3d 1184, 1189 (D.C.Cir.2000). The Board's determination in this case is not arbitrary and is supported by the evi-

dence. The Board reasonably (1) concluded the petitioner had not rebutted the Board's established "presumption that single-facility units are appropriate in the health care industry," *Manor Healthcare Corp.*, 285 N.L.R.B. 224, 225 (1987) (citations omitted); (2) excluded physicians who, in contrast to the nurses and the pharmacist, "direct all other patient care employees, earn substantially more than other professionals, and have different direct supervision," App. 7; and (3) excluded the computer application specialist and dietitian who both "are administratively attached elsewhere, and are assigned to perform their specialized work in the Winslow Clinic from time to time, as needed, analogous to consultants or floating repair persons with a route," App. 5–6. It is therefore

ORDERED that the petition for review is denied and that the cross-application for enforcement is granted.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).